HARPER v. ROBINSON.

1. INSURANCE—TRANSFER OF BENEFICIARIES—MENTAL COMPETENCY—
   UNDUE INFLUENCE—BURDEN OF PROOF.
   In suit to set aside transfer of beneficiary from insured's minor
   son, plaintiff's ward, and from whose mother insured had been
   separated and divorced, to insured's second wife to whom he
   had been married a month at time of transfer, executed while
   he was ill with lobar pnuemonia and but three days before his
   death, plaintiff *held*, to have failed to sustain his burden of
   proof as to mental incompetency of insured and undue influ-
   ence of defendant.

2. HUSBAND AND WIFE—CONVEYANCES—BURDEN OF PROOF—GOOD
   FAITH.
   While transactions between husband and wife may be attended
   with such circumstances of fraud or overreaching as to require
   a spouse to make an affirmative showing of free will and good
   faith, in the absence of such circumstances, the burden of
   proof is upon person attacking conveyance between husband
   and wife.

3. INSURANCE—TRANSFER OF BENEFICIARIES—UNDUE INFLUENCE.
   Mere showing of transfer of beneficiary of insurance policy from
   one object of insured's affections to another does not, alone,
   constitute showing of undue influence.

Appeal from Wayne; Murphy (Thomas J.), J.
Submitted April 8, 1936. (Docket No. 34, Calendar
No. 38,167.) Decided June 4, 1936.

Bill by Elmer W. Harper, as guardian of Stuart A.
Robinson, a minor, against Jean Robinson to secure
the proceeds of a life insurance policy, an accounting
and other relief. Bill dismissed. Plaintiff appeals.
Affirmed.

*Freedman & Drexelius* (*Harold Helper,* of counsel), for plaintiff.

*Nelson & Dick,* for defendant.

Fead, J. Oliver and Beth Robinson were married in 1923 and separated in May, 1928. Beth took their 22-months' old son Stuart with her to Toronto, where they have continued to live. Robinson did not see his son after the separation. In 1931 he went to Toronto to see him but the mother refused to permit their meeting for fear the father would take the boy away. In October, 1933, he obtained an uncontested divorce from Beth in Detroit. Provision for support of the boy was reserved in the decree. There was testimony that Robinson was willing to support Stuart if he were brought into the jurisdiction where he could see him. He contributed only about $20 toward the support of his wife and son after the separation. He sent Stuart a Christmas present in 1928, and defendant, with Robinson's consent, sent him one in 1933. But he seems to have evinced some regard for his son, apparently treasuring a picture of him, sometimes inquiring about him; and in June, 1929, he took a life insurance policy for $2,000 with Stuart as beneficiary. Beth said Robinson sent other gifts to Stuart but she did not describe them.

In February, 1929, Robinson met defendant, then Jean Ware, a married woman. He became well enough acquainted with her to have his mail come to her home. He gave her presents. He had a life insurance policy of $1,000 with his mother as beneficiary, which in 1932 he changed to make Jean the beneficiary. Jean was divorced in August, 1933.

Robinson and Jean were married February 1, 1934. February 28th he was taken to a hospital suf-

fering from lobar pneumonia. March 1st, upon form secured by Jean from an insurance agent, Robinson executed an instrument changing the beneficiary in the $2,000 policy from his son to Jean, signing it in the presence of his nurse as witness. He also transferred to Jean his bank accounts of $300 or $400, and committed his coal business, with assets of a few hundred dollars, to her charge. He died March 4th.

This bill was filed to set aside the change of beneficiary from Stuart to Jean on the ground of Robinson's mental incapacity and also undue influence. The court dismissed the bill.

The doctors and nurses in attendance upon Robinson testified that he was competent and rational. The only testimony to the contrary was the opinion of two doctors who did not see him but who examined the hospital records and doubted his capacity. Plaintiff has not sustained the burden of proof of mental incapacity.

After the execution of the transfer of beneficiary Robinson received visitors, including his brother. There was no testimony of acts of defendant or complaints by Robinson indicating that defendant used undue influence to obtain the transfer or that Robinson did not act with full capacity and free will. Undoubtedly, transactions between husband and wife may be attended with such circumstances of fraud or overreaching as to require a spouse to make an affirmative showing of free will and good faith. But, in the absence of such circumstances, the burden of proof is upon the person attacking a conveyance between husband and wife. *Latham* v. *Udell,* 38 Mich. 238, 241; *Potter's Appeal,* 53 Mich. 106, 113. At most, plaintiff's showing is that Robinson made the transfer from one object of his affection to another. This

is not undue influence. Plaintiff has failed to sustain the burden of proof, and the decree is affirmed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.